

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

January 14, 1975

The Honorable Martin D. Eichelberger
Criminal District Attorney
Waco, Texas

Opinion No. H- 493

Re: Applicability of Motor
Carrier Act, V. T. C. S.,
art. 911b to livestock
commission companies
which furnish transporta-
tion services.

Dear Mr. Eichelberger:

You ask whether livestock commission companies violate the Motor
Carrier Act, V. T. C. S., article 911b, when, without a permit from the
Railroad Commission, they furnish transportation service to their customers.

Livestock commission companies are formed to act as sales agents for
ranchers and other owners of livestock. A prospective seller will enter into
a consignment contract with a commission company under the terms of which
the company will sell his livestock at an auction, extract its commission
from the proceeds, and then pay the remainder to the seller. Apparently,
some companies own commercial vehicles which they use to pick up the
livestock consigned to them for sale; an additional fee is charged the seller
for this service. Companies which offer transportation services will also
agree to deliver any livestock sold at one of their auctions to the purchaser
at an additional cost. Your question is whether livestock commission com-
panies may furnish such services without first obtaining a contract carrier
permit from the Railroad Commission.

Insofar as it is applicable, the Motor Carrier Act requires any person or
company intending to operate as a "contract carrier" first to obtain a permit
from the Railroad Commission. V. T. C. S. art. 911b, § 3. A "contract carrier"
is defined in the Act as anyone who uses a motor vehicle to transport property
for compensation or hire over any highway in the State other than as a common
carrier. V. T. C. S. art. 911b, §1 (h). Private motor vehicle owners are
expressly excluded from the definition of "contract carrier" contained in the

Act and need not obtain a permit from the Railroad Commission.   V. T. C. S. art. 911b § 1b.   A private motor vehicle owner is defined in section la(b) of the Act as:

> Any person transporting farm implements, livestock, livestock feedstuffs, dairy products, horticultural products, floral products, agricultural products, timber in its natural state, or wool and mohair of which such person is the bona fide owner on a vehicle of which he is the bona fide owner to and from the area of production and to and from the market or place of storage thereof; provided, however, if such person (other than a transportation company) has in his possession under a bona fide consignment contract livestock, wool, mohair, milk and cream, fresh fruits and vegetables, or timber in its natural state under contract, as an incident to a separate, fixed, and established business conducted by him the said possession shall be deemed ownership under this Act;

Under this definition, then, a company which transports livestock it owns in its own vehicles from the area of production to the market is a private motor vehicle owner and is not required to obtain a contract carrier permit from the Railroad Commission.   For the purposes of this definition one who as an incident to a separate business is in possession of livestock which he is transporting pursuant to a bona fide consignment contract is considered to be the owner of the livestock.

When the livestock companies about which you have asked pick up livestock from a seller in order to transport it to an auction site, they clearly fit the definition of private motor vehicle carrier set out in the Act. They use their own vehicles, and they are operating pursuant to consignment contracts which arise out of their sales agency business.   Accordingly, the companies may make these pick ups and charge for them without first obtaining a contract carrier permit from the Railroad Commission.

Furthermore, it is our opinion that livestock commission companies continue to act as private motor vehicle owners under the Act when they later deliver livestock to a purchaser even though by that time the livestock has been sold and they no longer technically own the livestock.   A case almost

directly in point is Whitman v. State, 308 S.W.2d 884 (Tex. Crim. App. 1958). In Whitman cattle had been sold to a purchaser at an auction; as part of the sales agreement but for an additional consideration, the seller agreed to deliver the cattle to the purchaser. The cattle were transported in trucks belonging to the seller. While in route, one of the trucks was stopped by a Railroad Commission inspector who learned that it was being operated without a contract carrier permit. The Court of Criminal Appeals held that the seller was operating as a private motor vehicle owner and did not need a contract carrier permit. It did not matter that the sale had been completed before the cattle were hauled because delivery of the cattle was part of the agreement pursuant to which ownership changed hands. Whitman indicates that under the Motor Carrier Act one who sells livestock and for an additional consideration agrees to deliver the livestock to the purchaser retains his status as a private motor vehicle owner even though he no longer owns the livestock. Thus livestock commission companies may deliver the cattle they sell in their own vehicles without obtaining contract carrier permits from the Railroad Commission; under the Motor Carrier Act they will be treated as private motor vehicle owners.

## S U M M A R Y

Under the Motor Carrier Act a company which transports livestock it owns - - or is in possession of pursuant to a bona fide consignment contract - - in its own vehicle from the area of production to the market is considered a private motor vehicle owner and need not obtain a contract carrier permit from the Railroad Commission. The status of private motor vehicle owner is retained when the livestock is later delivered to a purchaser as part of a sales agreement.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee